**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PEDRO VICIOSO DE LIMA,

                Petitioner,

                v.

ACTING WARDEN OF FCI FORT DIX,

                Respondent.

Civil Action No. 23-21256 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Pedro Vicioso De Lima purportedly brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), and Rule 4 of the Rules Governing Section 2255 Proceedings to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of jurisdiction.

## I.  BACKGROUND

Petitioner is a convicted federal prisoner currently serving a prison sentence on charges of which he was convicted in the Southern District of New York.[1]  (ECF No. 1 at 1-2.)  Petitioner was sentenced on those charges on July 13, 2021.  (*Id.* at 1.)  Petitioner did not appeal his sentence, nor has he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  (*Id.* at 2-4.)  On October 12, 2023, more than two years after his sentencing, Petitioner filed his current habeas petition, purportedly pursuant to 28 U.S.C. § 2241.  (*Id.*)  In his petition, Petitioner seeks to collaterally attack his conviction and sentence through claims that he received ineffective assistance of counsel.  (*Id.* at 6-8.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

---

[1] Petitioner does not identify the specific charges involved, but the information he does provide suggests they were likely drug related.  (ECF No. 1 at 1-8.)

## III.   <u>DISCUSSION</u>

In his current petition, Petitioner seeks to challenge his conviction through a habeas petition filed pursuant to 28 U.S.C. § 2241.   Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).   While various Courts of Appeals had previously held that, under certain very limited circumstances, a prisoner could resort instead to a § 2241 petition, the United States Supreme Court recently overruled these decisions, holding that a prisoner may not resort to challenging his conviction through a § 2241 petition unless "unusual circumstances make it [essentially] impossible . . . to seek relief in the sentencing court" such as where the sentencing court no longer exists. *See Jones v. Hendrix*, 599 U.S. ---, ---, 2023 WL 4110233, at *7-9 (June 23, 2023).   As a result, so long as it is not essentially impossible to pursue a § 2255 motion at all, federal law requires a Petitioner to challenge his conviction only through a motion brought pursuant to 28 U.S.C. § 2255, regardless of whether the petitioner can meet that statute's gatekeeping restrictions. *Id.* at *7.   That a petitioner may be procedurally barred – such as through § 2255's time bar or the restriction on successive motions to vacate serves as no basis for resorting to § 2241. *Id.*

Because it is not essentially impossible for Petitioner to file a § 2255 motion as he may freely do so in his sentencing court – the Southern District of New York – he may not attack his sentence through a § 2241 petition. *Id.*   This Court thus lacks jurisdiction over this matter, and must either dismiss the petition or transfer it if such a transfer is in the interests of justice. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).   A transfer would only be warranted, however, where the petition was potentially meritorious and not procedurally barred. *See, e.g., United States v.*

*Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015).   Here, Petitioner's motion was filed more than two years after his conviction became final with his failure to file a direct appeal.   Petitioner's habeas petition thus appears to be time barred under 28 U.S.C. § 2255(f).   *See* 28 U.S.C. § 2255(f) (section 2255 motions are subject to a one year limitations period; *Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final"); *Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999) (where appeal not filed, judgment becomes final when the time to appeal expires).   As it appears that Petitioner's claims are time barred under § 2255, this Court finds that a transfer would not be in the interests of justice.[2]   Petitioner's habeas petition shall therefore be dismissed without prejudice for lack of jurisdiction.

## IV.   **CONCLUSION**

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[2] Although this Court declines to transfer this matter, to the extent he believes he can show that his claims should be considered timely through tolling or the like, Petitioner may file a § 2255 motion in the Southern District of New York.   The dismissal of his petition here is without prejudice to such a filing.